OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5256

June 17, 2019

Richard A. Forsten, Esquire
Saul Ewing Arnstein & Lehr
P.O. Box 1266
Wilmington, DE 19899-1266

Max B. Walton, Esquire
Connolly Gallagher
267 East Main Street
Newark, DE 19711

Re:  *Ocean Bay Mart, Inc. v. The City of Rehoboth Beach*
     Civil Action No. S18A-02-001 ESB

Dear Counsel:

This is my decision on the Respondents' Motion for a Partial Final Judgment

Pursuant to Superior Court Rule 54(b). I have denied the motion, concluding that

Rule 54(b) is not applicable and that the proper action for the Respondents to have

taken was to have sought an interlocutory appeal.

Petitioner Ocean Bay Mart, Inc. is trying to redevelop an old shopping center

in Rehoboth Beach as a residential condominium development. The City's Planning

Commission ruled that 25 *Del. C.* §81-105(b)(1) required the redevelopment to go

through the subdivision process. The City Commissioners upheld the Planning

Commission's decision. Ocean Bay then sought certiorari review in this court. The

Respondents filed a Motion to Dismiss. I ruled that §81-105(b)(1) did not apply to the redevelopment and denied the Motion to Dismiss. And, finally, I remanded the matter back to the City.

It is well-settled that where a matter is remanded back by the Superior Court to the body from which the certiorari review was sought, the remand decision is considered interlocutory, and there is no appeal by right to the Supreme Court.[1] The Respondents did not pursue an interlocutory appeal. Instead, they sought relief under Rule 54(b).

Rule 54(b) provides in part:

> Where more than one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, the Court may direct the entry of a final judgment upon one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b) is not applicable here. There was only one claim for relief, a reversal of the City Commissioners' decision. I granted that relief. There are no other claims pending or undecided. Rule 54(b), by its terms, does not apply here.

---

[1] *City of Dover Planning Comm'n v. Dover Historical Society*, 862 A.2d 385 (Table), 2004 WL 2743561 (Del. 2004); *DiSabatino Bros., Inc. v. Wortman*, 453 A.2d 102 (Del. 1982).

The Respondents' Motion for a Partial Final Judgment Pursuant to Superior Court Rule 54(b) is DENIED.

IT IS SO ORDERED.

_____
E. Scott Bradley

ESB/jwc

FILED PROTHONOTARY
SUSSEX COUNTY
2019 JUN 17 P 1:21